# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| CURTIS LONG, ) | |
| ) | Case No. 3:17-cv-113 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge H. Bruce Guyton |
| STATE OF TENNESSEE, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant State of Tennessee's motion to dismiss (Doc. 17) and Plaintiff Curtis Long's motion to dismiss Defendant's abstention argument as moot (Doc. 35). For the following reasons, Plaintiff's motion to dismiss Defendant's abstention argument (Doc. 35) will be **DENIED**, and Defendant's motion to dismiss (Doc. 17) will be **GRANTED**.

## I. BACKGROUND

In 1984, Plaintiff pleaded guilty to two counts of aggravated sexual battery in Knox County, Tennessee, Criminal Court. (Doc. 16, at 7.) The state court sentenced Plaintiff to ten years imprisonment on each count to run concurrently. (*Id.*) The state court also ordered that the sentence run concurrently with three consecutive robbery sentences. (*Id.*) By December 1993, Plaintiff had served the entirety of his sentence for the aggravated sexual battery charges, but remained incarcerated on the robbery sentences. (*Id.*)

In 1994, Congress enacted the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program Act, 42 U.S.C. § 14701, *et seq.*, which required states to enact their own systems of registering sex offenders to maintain certain funding. (*Id.* at 8.)

Pursuant to this statute, Tennessee enacted the Sex Offender Registry Act (the "SORA") in 1994. (*Id.*) Despite Plaintiff's aggravated sexual battery sentences expiring in 1993, when no sex offender registry existed, Defendant began enforcing the SORA against him in April 2016, after his release from the robbery charges. (*Id.*) Plaintiff alleges that, under the SORA, he is subjected to a large number of cumbersome and complex registration, disclosure, reporting, and fee requirements, as well as restrictions on his travel, speech, and association. (*See generally* Doc. 16.) According to Plaintiff, these requirements and restrictions have had disastrous effects on his familial relationships and career. (*See generally id.*) Additionally, he alleges that, had he known of the level of restriction he would endure, he would have not pleaded guilty to the aggravated sexual battery charges in 1984. (*Id.* at 10, 74–75.)

On March 17, 2017, Plaintiff filed "a State post conviction and habeas corpus petition in the Criminal Court for Knox County, Tennessee, challenging the application of the [SORA] to him . . . " (the "State Court Action"). (*Id.* at 8.) Plaintiff filed the instant action on March 28, 2017 (Doc. 1), "out of an abundance of caution and to preserve any applicable statute of limitations . . . " (Doc. 16, at 8). Plaintiff amended his complaint on August 15, 2017. (Doc. 16.) Plaintiff challenges the constitutionality of the SORA, both facially and as applied to him, and seeks declaratory and injunctive relief prohibiting the enforcement of the Act against him. (*Id.* at 77–87.)

Defendant filed a motion to dismiss on September 15, 2017, arguing that: 1) the Court should abstain from exercising jurisdiction over the case under the principles of *Younger v. Harris*, 401 U.S. 37 (1971); and 2) in the alternative, Plaintiff fails to state a claim upon which relief may be granted. (Doc. 17.) On November 16, 2017, Plaintiff reported that the Knox County Criminal Court dismissed Plaintiff's state-law claims on procedural grounds on October

2

31, 2017, but noted that "[he] may appeal the dismissal . . . ."  (Doc. 35.)  On this basis, Plaintiff moved the Court to dismiss Defendant's abstention argument as moot.  (*Id.*)  Both motions are now ripe for the Court's review.

## II. ABSTENTION

An abstention under *Younger v. Harris* "does not arise from lack of jurisdiction . . . , but from strong policies counseling against the exercise of such jurisdiction where particular kinds of state proceedings have already been commenced."  *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 626 (1986).  Those policies, which include comity and federalism, dictate that a federal court must decline to interfere with pending state proceedings involving important state interests, unless extraordinary circumstances are present.  *Younger*, 401 U.S. at 44–45.  To abstain under *Younger*, three requirements must be met:  "1) there must be on-going [or pending] state judicial proceedings; 2) those proceedings must implicate important state interests; and 3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges."  *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)).  If these requirements are met, a federal court should abstain absent extraordinary circumstances, such as "bad faith, harassment, or flagrant unconstitutionality."  *Id.* at 335 (quoting *Squire*, 469 F.3d at 557).

### a. *Pending State Proceedings*

Plaintiff disputes the first prong, arguing that, because the Knox County Criminal Court dismissed Plaintiff's claims in October 2017, the State Court Action is no longer "pending" for

the purposes of *Younger*.¹ (Doc. 35.) The Sixth Circuit Court of Appeals, however, rejected the very same argument in *Federal Express Corp. v. Tennessee Public Service Commission*, 925 F.2d 962 (6th Cir. 1991), because the pendency of a state proceeding for the purposes of *Younger* is determined at the time the federal action is filed.² In *Federal Express*, the plaintiff filed a petition for review of a state agency's action with the state appellate court and then filed a federal complaint seeking declaratory and injunctive relief against the state agency. *Id.* at 964. Before the federal district court heard argument on the plaintiff's request for a preliminary injunction, the plaintiff voluntarily dismissed its petition for review of the agency action in the state appellate court. *Id.* at 965. Despite the plaintiff's dismissal of the state-court proceeding after the federal complaint was filed, the district court dismissed the federal action on the basis of *Younger* abstention. *Id.* On appeal, the plaintiff argued that the district court erred, because "[d]eference to a state proceeding is not due" once that proceeding has ended. *Id.* at 969. The Sixth Circuit disagreed and affirmed the lower court's abstention. *Id.* at 969–70. The court noted that "the proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed." *Id.* at 969 (quoting *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986)). Accordingly, because the plaintiff's petition for review in the state appellate court was pending on the date it filed the federal action, the first prong under *Younger* was satisfied. *Id.*; *see also Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) ("[W]hen determining whether state court proceedings . . . are pending, we look to see if the state court proceeding was pending at the time the federal complaint was filed."); *Carras v. Williams*,

---

¹ Before the dismissal of the State Court Action, Plaintiff's only response to Defendant's abstention argument was that it was "premature" pending resolution of Defendant's motion to dismiss on procedural grounds in the State Court Action. (Doc. 33, at 26.)

² This rule has a limited exception which is inapplicable here: where a state proceeding is begun after the federal complaint is filed but before the federal action has reached the merits, *Younger* abstention may still apply. *Hicks v. Miranda*, 422 U.S. 332, 348–49 (1975).

4

807 F.2d 1286, 1290 n.7 (6th Cir. 1986) (finding that a recent denial of a petition for writ of *certiorari* by the Supreme Court "ha[d] no effect on this portion of [the] analysis" because "[a]t the time Carras filed his federal suit, the state court action was still ongoing").

Here, the State Court Action was indisputably pending at the time Plaintiff filed his federal complaint. Plaintiff alleges that "[o]n March 17, 2017, [he] filed a State post conviction and habeas corpus petition in the Criminal Court for Knox County, Tennessee . . . ." (Doc. 16, at 8.) Plaintiff filed the instant complaint on March 28, 2017 (Doc. 1), and Plaintiff acknowledges that the State Court Action was not dismissed until October 31, 2017 (Doc. 35). The State Court Action was pending for the purposes of *Younger*.

Moreover, even if Plaintiff chose—or chooses—not to appeal the State Court Action,[3] *Younger* abstention may still be warranted pursuant to the Supreme Court's decision in *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975). In *Huffman*, county officials instituted a state nuisance proceeding against an operator of a pornographic theater. *Id.* at 595–98. The state trial court determined that the operator was displaying obscene films in violation of the state's nuisance law and rendered judgment against the operator. *Id.* at 598. The operator, in lieu of filing an appeal of the state court's judgment, filed a federal action under 42 U.S.C. § 1983, alleging that the state nuisance law was unconstitutional. *Id.* at 598. On appeal of the district court's decision on the merits, the Supreme Court held that the district court should have determined whether to abstain under *Younger*. *Id.* at 612–13. The Court rejected the operator's argument that *Younger* was not applicable because a state-court proceeding was not "pending" when he filed the federal action, noting that "*Younger* and subsequent cases . . . have used the term 'pending proceeding' to

---

[3] On November 16, 2017, Plaintiff filed a notice of dismissal of the State Court Action and noted that he "may appeal the dismissal . . . ." (Doc. 35.) Since then, neither party has updated the Court on the status of the State Court Action.

5

distinguish state proceedings which have already been commenced from those which are merely incipient or threatened." *Id.* at 607. Given the principles announced in *Younger* and that "it is typically a judicial system's appellate courts which are by their nature a litigant's most appropriate forum for the resolution of constitutional contentions," the Supreme Court held that, after a state-court proceeding has been commenced, a federal plaintiff "must exhaust his state appellate remedies before seeking [federal] relief . . . , unless he can bring himself within one of the exceptions specified in *Younger*." *Id.* at 608–09. Moreover, the Court noted that it was irrelevant whether the operator still had the option to appeal the state-court judgment when the federal district court reached the merits, because it "[could] not avoid the standards of *Younger* by simply failing to comply with the procedures of perfecting its appeal within the [state] judicial system." *Id.* at 611 n.22. Accordingly, because the operator was able to appeal the state trial court's decision to the state appellate court "[a]t the time [the operator] filed its action in the United States District Court," the district court erred in not proceeding through the *Younger* analysis. *Id.* at 610–11.

Similarly, here, Plaintiff is required to exhaust his state appellate remedies before seeking federal relief absent extraordinary circumstances.[4] As in *Huffman*, the State Court Action had already been commenced when Plaintiff filed his federal suit. Regardless of whether Plaintiff chose to appeal the State Court Action after its dismissal in October 2017, Plaintiff may not avoid *Younger* abstention by failing to perfect his state appeal. Accordingly, *Younger*'s first requirement has been satisfied.

---

[4] The Court will discuss whether the *Younger* exceptions are applicable *infra* in Part II(d).

6

### b. *Important State Interest*

*Younger*'s second prong requires that the state court proceedings implicate an important state interest. When the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong. *Younger*, 401 U.S. at 43; *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings."). For this reason, "a federal court should be loath to assume jurisdiction to interfere with state criminal proceedings, including postconviction proceedings." *Baze v. Parker*, 632 F.3d 338, 341 (6th Cir. 2011) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 422 (2003); *Younger*, 401 U.S. at 43–44; *Coleman v. Thompson*, 501 U.S. 722, 726 (1991)). Here, the State Court Action is a post-conviction criminal proceeding and, as such, implicates an important state interest for the purposes of *Younger*.

### c. *Adequate Opportunity to Raise Constitutional Claims*

Under *Younger*'s third prong, there must be an adequate opportunity in the state proceeding to raise constitutional challenges. "Abstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims." *Am. Family*, 498 F.3d at 334 (emphasis in original) (internal quotation marks and citations omitted). The plaintiff bears the burden of showing that state law bars presentation of his constitutional claims. *Id.*

Plaintiff has not alleged that the claims asserted here will not be properly vindicated in the State Court Action. Plaintiff alleges that he filed similar constitutional allegations in the State Court Action and acknowledges that he "filed the instant federal action out of an abundance of caution and to preserve any applicable statute of limitations . . . ." (Doc. 16, at 8.) Even if the State Court Action was dismissed "on procedural grounds," as represented by Plaintiff, Plaintiff fails to demonstrate that his constitutional claims are clearly barred by state

law. Because Plaintiff has not demonstrated that he was unable to or precluded from raising his constitutional claims in the State Court Action, the third *Younger* requirement is satisfied.

### d. *Exceptions to* Younger *Abstention*

Although all three *Younger* requirements are met, extraordinary circumstances such as "bad faith, harassment, or flagrant unconstitutionality" may still render abstention inappropriate. *Am. Family*, 498 F.3d at 335 (citation omitted). Courts have interpreted these exceptions narrowly. *Zalman*, 802 F.2d at 205. Moreover, Plaintiff bears the burden of demonstrating that a *Younger* exception applies. *See Squire*, 469 F.3d at 557.

Plaintiff does not allege bad faith or harassment. (*See generally* Doc. 16.) As for whether the SORA is flagrantly unconstitutional, this exception applies where a statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53–54 (internal quotation marks and citation omitted). This exception is extremely narrow: "[T]he Supreme Court has never found it to be applicable since it first announced the exception in *Younger*." *Goodwin v. Cty. of Summit, Ohio*, 45 F. Supp. 3d 692, 703 (N.D. Ohio 2014) (quoting *Zalman*, 802 F.2d at 206). Given that sex-offender registration statutes from other states have been upheld under similar constitutional scrutiny, *see, e.g.*, *Smith v. Doe*, 538 U.S. 84 (2003) (upholding Alaska's Sex Offender Registration Act in the face of an *Ex Post Facto* Clause challenge), Tennessee's SORA is not fragrantly unconstitutional for the purposes of *Younger* abstention.

For the foregoing reasons, *Younger* warrants abstention in this case. In a case involving equitable relief where *Younger* abstention is appropriate, such as here, a court should dismiss the case without prejudice. *Zalman*, 802 F.2d at 207 n.11; *Louisville Country Club v. Ky. Comm'n*

*on Human Rights*, No 99-6301, 2000 WL 921015, at *1 (6th Cir. June 26, 2000). Moreover, a court may dismiss a case under *Younger* without addressing the merits of the case. *See Tenet v. Doe*, 544 U.S. 1, 6 n.4 (2005) (noting that *Younger* is a "threshold question" (internal quotation omitted)). Accordingly, having found that *Younger* abstention is warranted, the Court will not address whether Plaintiff's amended complaint fails to state a claim upon which relief may be granted and will, instead, **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE**.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss Defendant's abstention argument (Doc. 35) is **DENIED**, and Defendant's motion to dismiss (Doc. 17) is **GRANTED**. Plaintiff's claims against Defendant are hereby **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL FOLLOW.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**