# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| CURTIS LONG, | ) | |
| | ) | Case No. 3:17-cv-113 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge H. Bruce Guyton |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM AND ORDER

The United States Court of Appeals for the Sixth Circuit has vacated this Court's

judgment dismissing this action under *Younger v. Harris*, 401 U.S. 37 (1971), and remanded,

directing this Court to dismiss the State of Tennessee as a defendant and to allow Plaintiff to

amend his complaint to substitute a state official. (Doc. 47.) Accordingly, the State of

Tennessee will be **DISMISSED** from this action. Plaintiff will be **GRANTED LEAVE TO**

**AMEND** his complaint to substitute an appropriate state official.

Plaintiff is suing the State of Tennessee in federal court under 42 U.S.C. § 1983 and in

state court. Both cases challenge the Tennessee Sexual Offender and Violent Sexual Offender

Registration, Verification, and Tracking Act of 2004, Tennessee Code Ann. § 40-39-201 *et seq.*

This Court abstained under *Younger*, due to the pending state-court proceeding, but the Sixth

Circuit held that sovereign immunity precludes this suit because "[t]he Eleventh Amendment

generally 'deprives federal courts of subject-matter jurisdiction when a citizen sues his own

State.'" (Doc. 47, at 2 (quoting *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir.

2015)).) The Sixth Circuit found that, although the State of Tennessee argued for the first time

on appeal that the Eleventh Amendment bars this suit, the State did not waive the argument

because it is a "true jurisdictional bar." (*Id.* at 3 (quoting *Russell*, 784 F.3d at 1046).)  The Sixth

Circuit further found that none of the three exceptions was applicable here.  (*Id.*)  The Sixth

Circuit therefore concluded that sovereign immunity bars this suit against the State of Tennessee.

(*Id.* at 4.)  However, to avoid prejudicing Plaintiff, the Sixth Circuit directed this Court to allow

Plaintiff to substitute a state official.  (*Id.* (citing *Berndt v. Tennessee*, 796 F.2d 879, 884 (6th

Cir. 1986)).)

In accordance with the Sixth Circuit's mandate, the State of Tennessee is hereby

**DISMISSED** from this action.  Petitioner is **GRANTED LEAVE TO AMEND** his complaint

to substitute an appropriate state official.  Petitioner **SHALL** file an amended complaint within

**thirty** days or his claims will be **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**